UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :   CASE NO. 1:06-CR-00338-JG-3
            Plaintiff,                                :
                                                      :
vs.                                                   :   OPINION & ORDER
                                                      :   [Resolving Doc. Nos. 610, 614, & 615]
LUIS ARIAS,                                           :
                                                      :
            Defendant.                                :
                                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Petitioner, Luis Arias, files motion under 28 U.S.C. § 2255 to vacate his plea of guilty and his subsequent sentence. [Doc. 610.] The Respondent, United States of America, opposes the motion. [Doc. 614.] The Petitioner replied. [Doc. 615.] For the following reasons, the Court **DENIES** the Petitioner's motion.

**I. Background**

Between October 2005 and April 2006, Petitioner Arias was involved in a conspiracy to distribute large amounts of cocaine and marijuana between Illinois, Ohio, Pennsylvania, and New York. [Doc. 610 at 2.] On July 6, 2006, a federal grand jury returned a multiple-count indictment charging a number of individuals, including Petitioner Arias, with one count of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Arias was also charged with one count of possession with intent to distribute cocaine, in violation

Case No. 1:06-CR-00338-JG-3
Gwin, J.

of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and with thirteen counts of using a telephone to facilitate drug trafficking and conspiracy to traffic drugs, in violation of 21 U.S.C. § 843(b).

On September 28, 2006, Petitioner Arias entered into a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B) in which he pled guilty to counts one (conspiracy) and nine (possession with intent to distribute) of the indictment. [Doc. 610 at 3; Doc. 614 at 3.] The plea agreement included a waiver of nearly all appellate and post-conviction rights, including collateral attacks, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 610 at 3; Doc. 614 at 3.] In this plea agreement, the parties stipulated that Petitioner Arias was responsible for distributing thirty-four kilograms of cocaine and 240 kilograms of marijuana. [Doc. 610 at 3; Doc. 614 at 3.] The parties also stipulated that a two-level sentencing enhancement should apply since Arias managed, directed, and supervised the conspiracy. [Doc. 610 at 3; Doc. 614 at 4.]

On September 28, 2006, the Court conducted a plea colloquy. [Doc. 530.] Due to the Petitioner's difficulty understanding English, a court-appointed interpreter assisted Arias during the plea hearing. During the hearing, Arias confirmed that the interpreter translated and read each paragraph of the plea agreement to him, that he understood and consulted with his attorney regarding each paragraph of the agreement, that the agreement accurately reflected his conduct, and that he was voluntarily entering into the agreement. [Doc. 530 at 8, 9-13.] After discussing the plea agreement with the Arias, the Court found that Petitioner Arias knowingly, intelligently, and voluntarily entered the plea and waiver of rights. [Doc. 530 at 18.]

On December 30, 2006, this Court sentenced Arias in accordance with the written plea agreement. [Doc. 531.] The Court found that Arias's criminal conduct involved thirty-four kilograms of cocaine and 240 kilograms of marijuana. [Doc. 531 at 10.] The Court also found that

-2-

Case No. 1:06-CR-00338-JG-3
Gwin, J.

Arias was an organizer, leader, and manager of the charged conspiracy. [Doc. 531 at 17.] Pursuant to the Government's Section 5K1.1 motion, the Court granted a five-level downward departure for Arias having given substantial assistance to the prosecutor. [Doc. 531 at 11.] The Court concluded that Arias's total adjusted offense level was twenty-nine. [Doc. 531 at 17.] The Court determined Arias's criminal history category, finding that Arias's career offender status placed him in a criminal history category of VI. [Doc. 531 at 17.] The Court sentenced Arias to 151 months imprisonment – a sentence within the applicable guidelines range of 151 to 188 months. [Doc. 531 at 19.]

On January 3, 2007, Petitioner Arias filed a notice of appeal to the Sixth Circuit. [Doc. 610 at 5; Doc. 614 at 7.] On appeal, Arias argued that this Court erred in classifying him a career offender and that the sentence imposed was unreasonable under the guidelines. [Doc. 610 at 5; Doc. 614 at 7.] On April 13, 2009, the Sixth Circuit Court of Appeals granted the Government's motion to dismiss Arias's appeal, finding that the "record . . . clearly demonstrates that [Arias] understood the waiver [of appeal] contained in the plea agreement." *United States v. Arias*, 321 F. App'x 439, 441 (6th Cir. 2009). The Petitioner subsequently filed a writ of certiorari to the United States Supreme Court, which was denied on October 15, 2009. [Doc. 610 at 6; Doc. 614 at 7.]

On May 17, 2010, the Petitioner filed the current petition for relief under 28 U.S.C. § 2255. [Doc. 610.] The Petitioner requests that the Court vacate his plea of guilty and subsequent sentence. [*Id.*] In support of his petition, the Petitioner says (1) that his Sixth Amendment right to effective assistance of counsel was denied when his counsel failed to provide a written translation of the plea agreement; (2) that his Fifth Amendment right to due process of law was violated when the prosecution engaged in misconduct by utilizing immunized information against him; and (3) that he is entitled to an evidentiary hearing on both of these claims. [Doc. 610 at 7.] The Government

-3-

Case No. 1:06-CR-00338-JG-3
Gwin, J.

opposes the motion, saying that Petitioner fails to establish any of the alleged grounds for relief. [Doc. 614.]

## II.  Analysis

*II.A*   *Ineffective Assistance of Counsel* [1]

To prove a claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006). To prove the first prong of the claim, a petitioner must establish that his "counsel's performance was deficient, . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To prove the second prong of the claim, a petitioner must show that he was prejudiced by his attorney's deficient performance. *Id.* If a petitioner suffered no prejudice as a result of his attorney's performance, it is irrelevant whether that performance was deficient. *Id.* at 697. A Petitioner bringing a § 2255 petition bears the burden of proving his claim and must do so by a preponderance of the evidence. *Pough*, 442 F.3d at 965; *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003). Additionally, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Under the first prong, to prove deficient performance a petitioner must identify specific acts that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at

---

[1] As a preliminary matter, this petition is timely since it is brought within the one year statute of limitations. *See* 28 U.S.C. § 2255; *Dunlap v.United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). The Court also finds that the prisoner is "in custody," as is required under § 2255. *United States v. Ospina*, 386 F.3d 750, 752 (6th Cir. 2004).

Case No. 1:06-CR-00338-JG-3
Gwin, J.

690. The petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Indeed, defendants alleging ineffective assistance of counsel bear "a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

Here, the Petitioner says that his counsel's performance was deficient since counsel failed to provide a written copy of the plea agreement that was translated into Spanish. [Doc. 610-1 at 4.] Instead, the Petitioner only heard an oral recitation of the agreement, read and translated by the Court appointed interpreter. The Petitioner alleges that since he did not have a Spanish version of the plea agreement that he did not understand the terms and facts to which he was pleading guilty and the extent to which was waiving his rights to appeal a sentence. [Doc. 610-1 at 6.]

The Respondent says that the Petitioner fails to carry his burden of showing deficient performance. The Government points out that although a written translation of the plea agreement was not provided by Petitioner's counsel, that the Petitioner stated before this Court that the interpreter read the plea entire plea agreement to him and that he stated he understood its terms. The Government also notes that the Petitioner – under oath – told the Court that he understood both the leadership enhancements and drug amounts to which he was pleading guilty and that he understood the waiver of appellate rights. [Doc. 614 at 11-12.]

Petitioner Arias cites no case law to support his argument that a written translation of a plea agreement must be provided. The Court is aware of no such requirement. Rather, courts regularly uphold guilty pleas and waivers of appeal as valid and knowing where the plea agreement is read to

Case No. 1:06-CR-00338-JG-3
Gwin, J.

the defendant by an interpreter in open court. *See, e.g.*, *United States v. Baez*, 87 F.3d 805, 806-10 (6th Cir. 1996); *United States v. Padilla-Rodriguez*, 335 F. App'x 724, 728 (10th Cir. 2009); *United States v. Aparicio*, 304 F. App'x 213 (4th Cir. 2008). Arias's counsel's duty at that stage of the proceedings was to ensure that Arias understood the terms of the plea agreement and was making a knowing and informed decision. Since an interpreter translated the plea entire agreement to Arias and Arias explicitly stated he understood its terms, Arias's counsel did not act unreasonably in not also providing a written translation.

The Court finds that the Petitioner fails to prove the first prong of his claim for ineffective assistance of counsel since he did not demonstrate his counsel acted in an objectively unreasonable manner.[2] Accordingly, the Court rejects the Petitioner's claim of ineffective assistance of counsel.

*II.B    Prosecutorial Misconduct*

The Petitioner also alleges that his Fifth Amendment right to due process of law was violated because the United States Attorney's Office made use of immunized statements against him. [Doc. 610-1 at 9.] Under 18 U.S.C. § 6002, the Government may generally not use immunized testimony against the defendant. *Kastigar v. United States*, 406 U.S. 441 (1973).

A Petitioner bringing a § 2255 petition bears the burden of proving his claim and must do so by a preponderance of the evidence. *Pough*, 442 F.3d at 964. Here, the Petitioner does not carry

---

[2] Since the Petitioner fails to carry his burden on the first prong of his ineffective assistance of counsel claim, it is unnecessary for the Court to reach a determination on the second prong. To satisfy the second prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* In the context of a guilty plea, a party seeking to establish *Strickland* prejudice must show that there is a reasonably probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
    The Petitioner says that if he had been fully apprised of the terms of the plea agreement that he would not have pled guilty and instead would have gone to trial. [Doc. 610-1 at 6.] During the plea colloquy the Petitioner stated that he understood the terms of the plea agreement and discussed them with the Court. Now, Arias alleges that he did not understand the terms since no paper translation was provided. A final resolution of this prong requires a determination on the credibility of Arias. As making this determination is both unnecessary and difficult, the Court declines to do so.

Case No. 1:06-CR-00338-JG-3
Gwin, J.

that burden. Beyond generally averring that "immunized information . . . was utilized to impose sentencing enhancements," the Petitioner offers no proof or explanation for his claim. The Petitioner sets forth no evidence of what immunized testimony was used or how such testimony was used against him. Indeed, the Court has difficulty imagining what immunized information could possibly have been improperly used, particularly when the Petitioner admitted his guilt and the surrounding factual circumstances relevant to his sentencing in open court. Moreover, Arias received an extremely large sentence reduction for his assistance to the Government–presumably because Arias, not others, was giving the immunized testimony against others.

Since the Petitioner fails to carry his burden in proving the alleged Fifth Amendment violation, the Court rejects this claim.

*II.C  Evidentiary Hearing*

The Petitioner also requests an evidentiary hearing on the alleged Fifth and Sixth Amendment violations. A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Here, because the record of this case conclusively shows that Petitioner Arias is not entitled to relief on either of his alleged constitutional violations, the Court declines to hold an evidentiary hearing. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Petitioner's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis

Case No. 1:06-CR-00338-JG-3
Gwin, J.

exists upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: November 3, 2010            s/      *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE