UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
LUIS ARIAS,                                 :   CASE NO. 1:06-CR-338
                                            :
            Petitioner,                     :
                                            :
vs.                                         :   ORDER & OPINION
                                            :   [Resolving Doc. No. 688]
UNITED STATES OF AMERICA,                   :
                                            :
            Respondent.                     :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

   In 2006, Petitioner Luis Arias pleaded guilty to two counts of an indictment relating to his role in a drug conspiracy.[1] Arias waived his appellate rights in that plea agreement, and the United States Court of Appeals for the Sixth Circuit dismissed his appeal.[2] In 2010, Arias sought to vacate his sentence and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255.[3] With that petition, Arias said that his counsel was ineffective for failing to provide Arias with a written translation of the plea agreement, and that the prosecution engaged in misconduct by using immunized information against him.[4] This Court denied Arias's petition on the merits and denied him a certificate of appealability,[5] as did the Sixth Circuit.[6]

---

[1] Doc. 599.
[2] *Id.*
[3] Doc. 610.
[4] Doc. 616.
[5] *Id.*
[6] Doc. 639.

Case No. 1:06-CR-338
Gwin, J.

Arias now moves this Court for a new sentence in light of new evidence.[7] Specifically, Arias says that the imposition of an enhancement under 21 U.S.C. § 851 was improper because his predicate offense was more than ten years old, and that the imposition of 151 months of imprisonment and 120 months of supervised release was in excess of the statutory maximum sentence. The United States opposes the petition, saying that it is not properly before this Court and also says that the motion should lose on the merit.[8]

It is unclear from Arias's petition if it is filed under Federal Rule of Civil Procedure 60(b) or 28 U.S.C. § 2255. Regardless, this Court treats a Rule 60(b) motion as a § 2255 petition if it attacks this Court's prior merits resolution of a claim.[9] This Court finds that it does, for the motion is not an attack on the integrity of prior proceedings,[10] but an independent claim for relief. Further, the Sixth Circuit has cautioned that district courts must consider Rule 60(b) motions as successive petitions if all of the arguments presented therein could have been raised in the first § 2255 motion. This Court sees no reason why Petitioner could not have done so, and thus classifies the petition as a successive motion for habeas relief.

That being the case, this Court lacks jurisdiction over the instant motion. Successive petitions may be filed in the district court only after the petitioner has moved "in the appropriate court of appeals for an order authorizing the district court to consider the application."[11] Arias has not done so. Therefore, this Court **TRANSFERS** Arias's petition to the United States Court of Appeals for

---

[7] Doc. 688.
[8] Doc. 689.
[9] *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007).
[10] *Gonzales v. Crosby*, 545 U.S. 524 (2005).
[11] 28 U.S.C. § 2244(b)(3)(A). Arias's styling of his petition as being submitted under § 2244(b)(3)(A) is of no moment. The petition must be presented to the appellate court to determine if it meets the standards outlined in 28 U.S.C. § 2255(h).

Case No. 1:06-CR-338
Gwin, J.

the Sixth Circuit pursuant to 28 U.S.C. § 1631.[12]

    IT IS SO ORDERED.


Dated: March 29, 2013                        s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[12] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").