UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
LUIS ARIAS,                                   :     CASE NO. 1:06-CR-338-003
                                              :
         Petitioner,                          :
                                              :
vs.                                           :     ORDER & OPINION
                                              :     [Resolving Doc. No. 698 & 700]
UNITED STATES OF AMERICA,                     :
                                              :
         Respondent.                          :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In 2006, Petitioner Luis Arias pleaded guilty to two counts of an indictment relating to his role in a drug conspiracy.[1/] Arias waived his appellate rights in that plea agreement, and the United States Court of Appeals for the Sixth Circuit dismissed his appeal.[2/] In 2010, Arias sought to vacate his sentence and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255.[3/] With that petition, Arias said that his counsel was ineffective for failing to provide Arias with a written translation of the plea agreement, and that the prosecution engaged in misconduct by using immunized information against him.[4/] This Court denied Arias's petition on the merits and denied him a certificate of appealability,[5/] as did the Sixth Circuit.[6/]

---

[1/] Doc. 599.
[2/] *Id.*
[3/] Doc. 610.
[4/] Doc. 616.
[5/] *Id.*
[6/] Doc. 639.

Case No. 1:06-CR-338-003
Gwin, J.

Earlier this year, Arias moved this Court for a new sentence in light of new evidence.[7] Specifically, Arias says that the imposition of an enhancement under 21 U.S.C. § 851 was improper because his predicate offense was more than ten years old, and that the imposition of 151 months of imprisonment and 120 months of supervised release was in excess of the statutory maximum sentence. This Court construed the motion as a successive motion for habeas relief, and transferred the petition to the Sixth Circuit as required by 28 U.S.C. § 1631.[8] The Sixth Circuit dismissed the petition for want of prosecution.[9]

Arias now moves to dismiss his case, saying that this Court lacked subject matter jurisdiction over his case from the onset.[10] The Court construes this as a motion for habeas relief, and, as before, lacks jurisdiction over the instant motion. Successive petitions may be filed in the district court only after the petitioner has moved "in the appropriate court of appeals for an order authorizing the district court to consider the application."[11] Arias has not done so.

Therefore, this Court TRANSFERS Arias's petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. Arias's motion for issuance of the Court's ruling is DENIED AS MOOT. Finally, if Arias files another motion for relief with this Court without prior

---

[7] Doc. 688.

[8] Doc. 690. See also *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

[9] Doc. 696.

[10] Doc. 698.

[11] 28 U.S.C. § 2244(b)(3)(A).

Case No. 1:06-CR-338-003
Gwin, J.

authorization from the Sixth Circuit, he will have filing restrictions placed upon him.

    IT IS SO ORDERED.


Dated: July 25, 2013          s/ *James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE